**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GEORGE LOFTUS,

    Plaintiff,

vs.                                                CASE NO. 3:04-cv-1127-J-25TEM

GEORGE WESTON BAKERIES
DISTRIBUTION, INC.,
a foreign corporation,

    Defendant.
_____

**O R D E R**

This case is before the Court on Defendant's Emergency Motion to Quash Plaintiff's Subpoena of Wal-Mart and Motion for Protective Order (Doc. #13, Motion to Quash), filed June 29, 2005. Because the contested Wal-Mart subpoena was returnable to Plaintiff's counsel on June 30, 2005, the Court entered an order staying the return pending resolution of the instant motion. *See* Doc. #15, Court Order. Plaintiff's Response to Defendant's Emergency Motion to Quash (Doc. #19) was filed on July 8, 2005.

The Motion to Quash (Doc. #13) requests the Court either quash the referenced subpoena duces tecum, or enter a protective order that essentially provides the same relief. Defendant ("GWBD") asserts that Plaintiff is "seeking documents that contain highly confidential commercial information and, moreover, are not relevant to the matter at hand." Doc. #14 at 1. Defendant further advises that "[s]erious harm will likely occur not only to GWBD but also to the independent contractor distributors on GWBD routes throughout the State of Florida and in the entire Southeast United States if the confidentiality of the requested information is not maintained." Doc. #14 at 1-2.

Plaintiff counters Defendant's assertions by averring Plaintiff would have gladly offered to enter into a reasonable confidentiality agreement if Defendant had raised confidentiality as an issue prior to filing the instant motion. Doc. #19 at 1-2. To the extent Defendant claims the sought information is irrelevant, Plaintiff asserts that Defendant does not have standing to object to a third party subpoena on the bases of relevance or overbreadth, but the sought information is, nonetheless, reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 2.

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides, in pertinent part, that upon timely motion the court shall quash a subpoena if it "requires disclosure of privilege or other protected matter and no exception or waiver applies," or "subjects a person to undue burden." FED. R. CIV. P. 45. As a general matter, only the person to whom a subpoena is directed has standing to seek a motion to quash, unless an opposing party can demonstrate a personal right or privilege with respect to the sought testimony and/or documents. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979);[1] *State of Fla. v. Jones Chemical*, Case No. 90-875-CIV-J-10, 1993 WL388645 (M.D. Fla. March 4, 1993). Here, the "person" subject to the subpoena is non-party Wal-Mart Stores, Inc. Notably, Wal-Mart has not objected to the sought information, but rather, has worked with Plaintiff's counsel to narrow the scope of the subpoena so that production would not be burdensome. *See* Doc. #19, Exh. A. Defendant claims a qualified privilege in the materials sought under the

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

subpoena, stating the materials constitute "highly confidential commercial information." Doc. #14 at 7.

The limited case law concerning non-party production of discovery materials reveals a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information. *See, e.g.*, *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985); *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132 (S.D. Oh. 1999). Courts must also consider the status of a witness as a non-party when determining the degree of burden. *American Elec. Power Co., Inc.* at 136.

Having considered the above-referenced factors, plus the apparent willingness of Wal-Mart to produce documents under more narrowly defined descriptions, the Court finds Plaintiff's need for the requested information outweighs Defendant's interest in non-disclosure.

Thus, Defendant's Emergency Motion to Quash Plaintiff's Subpoena of Wal-Mart and Motion for Protective Order (Doc. #13) shall be **DENIED.** However, the Wal-Mart subpoena shall be modified, as stated below, and a protective order pertaining to the discovery produced under the subpoena shall enter, as stated below.

Non-party Wal-Mart Stores, Inc. shall produce the documents described in Attachment A of Plaintiff's subpoena dated June 8, 2005, subject to the following limitations: 1) Only those documents that pertain to the Wal-Mart Supercenter at 12100 Lem Turner Road, Jacksonville, Florida 32218 need be produced; and,

      2)      The scope of the subpoena is limited in time from March 2002, when the referenced Supercenter opened, through the date of production.  The responsive documents should be produced as soon as possible, but no later than **fifteen (15) days** from the date of this Order.

Because production of the sought information will likely include documents which are non-public and confidential in nature, this Order shall enter as the Court's **Protective Order** governing the use and production of materials responsive to the Wal-Mart subpoena duces tecum.  In that regard, the Court makes the following findings:

1.      This is a breach of contract action removed to federal court on the basis of diversity jurisdiction.

2.      Plaintiff has alleged the Defendant terminated Plaintiff's baked goods distribution route to secure more favorable terms.

3.      It will be necessary for the parties to take discovery from non-party Wal-Mart Stores, Inc. that involves confidential information, proprietary information and non-public technical information and data, public disclosure of which could harm one or both parties, or third parties.

3.      The parties' interests in protecting the confidentiality of the Wal-Mart information would appear to outweigh any societal interest in disclosure of discovery materials that would be subject to the protective order.

4.      Thus, good cause has been shown for entry of a protective order to expedite the flow of the discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection.

*See McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir. 1989); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

The parties and Wal-Mart are hereby advised that any document produced pursuant to the Wal-Mart subpoena issued by Plaintiff, shall be treated as confidential material which shall not be revealed to any person outside the scope of this litigation.  Further, any documents produced by Wal-Mart for the parties' use in accordance with this Protective Order shall be used by the parties and their attorneys for purposes of this case only, and shall not be disclosed orally or in writing to any person other than Defendant's corporate representative(s), the parties' attorneys, the attorneys' support staff, witnesses, court reporters and any expert witness retained who needs to review the documents exclusively for the purpose of providing assistance to a party in the preparation of its case.  Any party seeking to file confidential information in the case under seal, for whatever reason, must first obtain Court approval.  All copies of any of the subject documents produced to either party, and any subsequent copies made by the parties, their attorneys, or any of the subject documents, shall be returned to producing party, or destroyed if the producing party agrees,  within forty (40) days of a request after the final disposition of this case, and no copies of any portion of the subject documents shall be retained thereafter by the receiving party or his/her attorneys or any other person permitted to review the designated document under this Protective Order.

The parties' attorneys and experts shall take all steps reasonably necessary to assure compliance with this Order.

**DONE AND ORDERED** at Jacksonville, Florida this <u>10th</u> day of August, 2005.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge