UNITED STATES  DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE LOFTUS,

        Plaintiff,

v.                               CASE NO.  3:04-cv-1127-J-25TEM

GEORGE WESTON BAKERIES
DISTRIBUTION INC.,
a foreign corporation,

        Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before this Court on Defendant's Motion to Dismiss Counts II and III of the First Amended Complaint Pursuant to Rule 12(b)(6), Fed.R.Civ.P. (Dkt. 6) and supporting memorandum of law (Dkt. 7), and Plaintiff's response thereto (Dkt. 8).  Upon consideration, after having reviewed the pleadings, this Court concludes as follows:

Plaintiff and Defendant were parties to a contract under which Loftus purchased baked goods from Defendant and received the exclusive right to distribute these goods to certain customers within a defined territory.  On August 2, 2004, Defendant purported to unilaterally terminate the contract because Loftus was charging customers for products that were not being delivered and for overstating returns to Defendant.

Plaintiff sued Defendant for terminating under these circumstances since:  1) Defendant had no reasonable basis for believing that Plaintiff was charging for undelivered product or overstating returns; 2) in reality, Defendant terminated the contract not because of alleged misconduct by Plaintiff but to secure a more favorable distribution arrangement for itself in Plaintiffs' territory; and 3) Defendant terminated the contract without giving Plaintiff the required notice and opportunity to cure.

Defendant seeks to have Counts II and III of the First Amended Complaint (Dkt. 4) dismissed for failure to state claims upon which relief can be granted.[1]  Defendant avers that Count II should be dismissed since the Economic Loss Rule bars tort recovery for claims brought for breach of contract.  Count III is due to be dismissed, according to Defendant, since Plaintiff has not set forth a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute §501.201.

Dismissal for failure to state a claim upon which relief may be granted is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In making this determination this Court is restricted to consideration of facts alleged in the complaint itself.  *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).  Further, the facts set forth in the complaint must be viewed in the light most favorable to the plaintiff.  *Quality Foods De Centro America v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).  Finally, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8 does not require a plaintiff to plead specific allegations of every situation or condition that may be presented at trial.

Plaintiff asserts that Count II was unartfully drafted.  Plaintiff claims that this count should have been stated as a claim for breach of implied duty of good faith and fair dealing that exists in all contracts.  Plaintiff requests leave to amend the First Amended Complaint to reflect that change.  This Court will grant Plaintiff ten days in which to amend the complaint.

As to Count III, Defendant avers Plaintiff has not alleged that Defendant used unfair or

---

[1]  Count II is a claim for Bad Faith Breach of Contract, and Count III is a claim for violation of Florida's Unfair and Deceptive Trade Practices Act.

deceptive practices in the sale of the products to Plaintiff.  Defendant, therefore, maintains the termination of a contract does not constitute an unfair or deceptive trade practice.

Plaintiff, on the other hand, points to *PNR, Inc. v. Beacon Property Management, Inc.*, 842 So.2d 773 (Fla. 2003) for the proposition that the FDUTPA is not limited to customer transactions involving the sale of goods or services.  In fact the Court concluded that the FDUTPA applies to "private causes of action arising from single unfair or deceptive acts in the conduct of any trade or commerce, even if it involves only a single party, a single transaction, or a single contract." *Beacon*, 842 So.2d at 777.  Further, the *Beacon* court explained,

> Contrary to the position articulated in the dissenting opinion of Justice Wells, this opinion does not operate to convert every breach of contract or breach of lease case into a claim under the Act. Indeed, such a construction would be precluded by the FDUTPA, which only reaches conduct that is unfair or deceptive as judged by controlling case law. *To the extent an action giving rise to a breach of contract or breach of lease may also constitute an unfair or deceptive act, such a claim is and has always been cognizable under the FDUTPA.* Our holding today merely remands the case to the district court for consideration under appropriate law and changes nothing with regard to such issue.

*Beacon*, 842 So.2d at 777 n.2 (emphasis added).  Therefore, this Court concludes at this stage of the proceedings that Defendant's motion is due to be denied as to Count III.

Accordingly, it is **ORDERED**:

1)   Defendant's Motion to Dismiss Counts II and III of the First Amended Complaint Pursuant to Rule 12(b)(6), Fed.R.Civ.P. (Dkt. 6) is **DENIED**.

2.   Plaintiff shall have ten (10) days from the date of this Order in which to file a Second Amended Complaint rectifying Count II.

**DONE AND ORDERED** in Chambers this _22_ day of ~~July,~~ August 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record

4